**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-7770**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

LLOYD DRAPER,

                Defendant – Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry F. Floyd, District Judge. (7:08-cr-00799-HFF-2; 7:09-cv-70085-HFF)

─────────────

Submitted:  May 20, 2010           Decided:  May 25, 2010

─────────────

Before WILKINSON, NIEMEYER, and DAVIS, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  David Calhoun Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lloyd Draper pled guilty to one count of uttering counterfeit business checks, in violation of 18 U.S.C. § 513(a) (2006). He was sentenced to thirty months' imprisonment and a three-year term of supervised release. Draper's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), identifying no meritorious grounds for appeal but questioning whether the district court erred in calculating Draper's criminal history points and whether Draper's sentence is reasonable. Draper has filed a supplemental pro se brief. The Government elected not to file a responsive brief. Finding no reversible error, we affirm.

Counsel questions whether the district court erred in calculating Draper's criminal history points, stating that a certain prior conviction did not note the presence of an attorney for Draper. A defendant may challenge at sentencing the validity of a prior conviction on the ground that he was denied counsel. Custis v. United States, 511 U.S. 485, 495 (1994). However, he bears the burden of showing that the prior conviction is invalid. United States v. Jones, 977 F.2d 105, 110-11 (4th Cir. 1992). Draper had to overcome the presumption that the state court informed him of his right to counsel as it was required by statute to do, and that, if he was not represented, it was because he waived his right to counsel. See

*Parke v. Raley*, 506 U.S. 20, 28-34 (1992). Although counsel stated at sentencing that Draper did not recall having counsel or waiving his right to counsel for the challenged conviction, Draper offered no affirmative evidence to rebut the presumption that he had counsel or signed a waiver of counsel form. See *Jones*, 977 F.2d at 110-11 (holding that uncorroborated, inconclusive, self-serving testimony about distant events was insufficient to carry burden of showing invalid prior conviction). Thus, the district court did not err in overruling Draper's objection and considering the prior conviction in calculating his criminal history.

We review Draper's sentence for reasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. *Id.* In determining whether a sentence is procedurally reasonable, this court must first assess whether the district court properly calculated the defendant's advisory Guidelines range. *Id.* at 49-50. This court then must consider whether the district court considered the factors in 18 U.S.C. § 3553(a) (2006), analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. *Id.* "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it

3

must place on the record an 'individualized assessment' based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (citation omitted).

Although the district court procedurally erred when it imposed Draper's sentence without explicitly making an individualized assessment based on the particular facts of Draper's case, because Draper did not argue below for a sentence outside of his Guidelines range, we review the error for plain error. United States v. Lynn, 592 F.3d 572, 579-80 (4th Cir. 2010). Even if we assumed that the district court's lack of explanation of Draper's sentence constituted an obvious error in violation of Carter, Fed. R. Crim. P. 52(b) requires Draper to also show that the district court's lack of explanation had a prejudicial effect on the sentence imposed. See Puckett v. United States, 129 S. Ct. 1423, 1433 n.4 (2009). We find Draper has failed to make such a showing. We further find Draper's sentence reasonable. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (recognizing this court applies an appellate presumption of reasonableness to a within-Guidelines sentence).

In accordance with Anders, we have reviewed the record in this case and Draper's pro se supplemental brief and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Draper, in writing, of the right to petition the Supreme

4

Court of the United States for further review. If Draper requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Draper. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED